[No. 25092. Department One. July 24, 1934.]

INCORPORATED INVESTORS, *Appellant,* v. C. D. BRIDGES, JR., *et al., Respondents.*[1]

*R. C. Hazen,* for appellant.

*E. M. Farmer,* for respondents.

BEALS, C. J.—Plaintiff in its complaint herein asked for judgment against defendants upon a promissory note for eight thousand dollars, together with interest, attorney's fees and costs. Plaintiff also sought foreclosure of a real estate mortgage which had been given to secure the note, and prayed for a deficiency judgment against defendants for any balance remaining due after the application of the proceeds of the mortgaged property. The action, being of equitable cognizance, was tried to the court, which, after making findings of fact and conclusions of law, entered a decree granting plaintiff judgment upon its note and foreclos-

[1]Reported in 34 P. (2d) 881.

ing the mortgage given to secure the same, but denying plaintiff the right to a deficiency judgment. From that portion of the decree denying plaintiff a deficiency judgment, plaintiff appeals.

The case is before us on the pleadings, the findings of fact and the conclusions of law entered by the trial court, and the decree.

While in an equity cause the trial court is not required to make findings of fact, in cases where findings are made, an appeal in which it is contended that the decree is not supported by the findings will be entertained.

In such cases, it is presumed that the decree is correct and

". . . that it is entitled to every presumption necessary to sustain it, in the absence of an affirmative showing in the finding itself that the necessary facts to sustain it did not exist." *Wilkeson v. The Rector, Wardens and Vestry of St. Luke's Parish*, 176 Wash. 377, 29 P. (2d) 748.

In the case cited, the matter of the review of such an equitable decree as is here presented is fully discussed.

In the case at bar, the court, after certain formal findings, found that C. D. Clinton was a stockholder in, and the manager of, appellant; that, just prior to October 1, 1929, Clinton acquired title to a tract of land in the city of Seattle, and that he shortly thereafter, by a contract in writing, agreed to sell the land to respondents for the sum of $10,001, of which amount the odd dollar was paid in cash, the balance of ten thousand dollars to be paid on or before three years, with interest payable semiannually; that, during the month of May, 1932, respondents being in default under the contract, Mr. Clinton deeded the property to them, and they in turn executed and delivered to Mr. Clinton

two promissory notes secured by mortgages on the land, the first note and mortgage being in the sum of three thousand dollars in favor of Mary and Ida Dysart, the second in the sum of eight thousand dollars (the note and mortgage here in suit) being in favor of this appellant; and that, from the proceeds of these notes, Mr. Clinton deducted the balance due on the original contract of purchase and paid certain delinquent taxes and other charges against the property, respondent C. D. Bridges paying to Mr. Clinton something over one hundred dollars in cash in connection with these disbursements.

The court also found that, by the terms of the second promissory note, the makers promised to pay, for value received, the principal sum thereof, with interest, together with an attorney's fee, the makers consenting to a personal deficiency judgment upon the debt; that respondents defaulted in the conditions of the note and mortgage; that the same had become due and payable, and that no payments had been made thereon.

From its findings of fact, the trial court concluded that appellant had a valid and subsisting lien against the mortgaged premises for the amount of the note, interest, attorney's fees and costs; that the real property mortgaged should be sold in the manner provided for by law, but that appellant was not entitled to recover any deficiency judgment against respondents or any of them. The court later entered its decree foreclosing the mortgage and directing the sale of the property, and that,

" . . . if the proceeds of said sale be insufficient to have satisfied the said indebtedness that the plaintiff shall accept said proceeds in full satisfaction of said indebtedness . . ."

█ It has long been the law of this state that, in an action based upon an instrument for the payment

of money, the promise to pay being absolute, the holder of the obligation may have any security held to secure payment sold and the proceeds applied upon the indebtedness, a judgment for the deficiency to remain against persons responsible upon the original obligation.

In the case at bar, the court found that, by the terms of the promissory note sued upon, respondents agreed for value to pay all sums due thereunder. Whether or not the finding that respondents had expressly consented to the entry of the deficiency judgment adds anything to their general liability on the note, need not here be determined.

Respondents argue that the findings of fact are incomplete and defective. In the absence of a statement of facts, we can not tell the exact nature of the questions which were presented to the trial court, but the findings appear to be sufficient to support a decree for the amount of the note and directing the foreclosure of the mortgage.

The decree appears to be expressly contrary to the facts found in so far as it denies appellant the right to a deficiency judgment. Respondents in their brief fail to advise us as to the reason for the refusal of the trial court to grant appellant the full measure of relief which it demanded. Neither is any authority for the court's action cited. The decree appealed from is inconsistent with the facts found and indeed must be held to be in law contrary thereto.

The decree appealed from is reversed, with instructions to proceed in accordance with this opinion.

BLAKE, MAIN, MITCHELL, and STEINERT, JJ., concur.